UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00694-JPH-MPB |
| | ) |
| ROBERT CARTER, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO STAY ACTION, GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS WITHOUT PREJUDICE,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Derek Boyd has filed two lawsuits concerning the response to COVID-19 at Heritage Trail Correctional Facility (HTCF), where he was imprisoned when the pandemic broke out in the spring of 2020. In *Boyd v. Reaves*, Mr. Boyd is pursuing Eighth Amendment claims against several members of HTCF's correctional and medical staffs, the commissioner of the Indiana Department of Correction (IDOC), and the IDOC's medical care contractor. *See* no. 1:20-cv-01844-TWP-TAB, dkt. 128 (entry screening second amended complaint). That case has been pending for nearly two years, and the parties have completed summary judgment briefing.

Mr. Boyd filed this action on April 7, 2022. Dkt. 2. His complaint again arises from the response to COVID-19 at HTCF in 2020. In this case, however, he sought to bring claims on behalf of a class of all inmates incarcerated at HTCF from April 2020 forward.

The Court dismissed Mr. Boyd's complaint as frivolous and malicious on April 20, 2022. Dkt. 7. In *Reaves*, the Court denied numerous motions to proceed with a class action, and Mr. Boyd disregarded those rulings by presenting the same claims in this new case. The Court ordered Mr. Boyd to show cause why this case should not be dismissed and final judgment entered.

1

Mr. Boyd has filed, essentially, three responses to the show-cause order: a motion to dismiss the action without prejudice, a response to the show-cause order, and a motion to stay the action. For the following reasons, the Court denies Mr. Boyd's motion to stay, grants the motion to dismiss without prejudice, and directs the entry of final judgment.

## I. Response to Show Cause Order and Motion to Stay

Mr. Boyd's response to the show-cause order asks the Court to allow him to pursue Fourteenth Amendment equal protection claims in this action. The grounds for these claims are either that he was subjected to different conditions and protocols than inmates in at least one other housing unit; that he was treated different from other inmates in his own unit; or both. Dkt. 15. In his motion to stay, Mr. Boyd asks the Court to grant him 90 days to search for an attorney to develop equal protection claims and file an amended complaint, possibly on behalf of a class. Dkt. 17.

In both filings, Mr. Boyd asserts that equal protection claims are different from the claims proceeding in *Reaves*, that he could not have brought equal protection claims in *Reaves*, and that he is open to pursuing them either individually or on behalf of a class. He adds that dismissal of this action will prevent him from pursuing these claims because the statute of limitations has expired or will expire soon.

It is fundamental that a plaintiff is "entitled to only one recovery" for his injuries, even if "different constitutional theories support liability and different officers were involved." *Swanigan v. City of Chicago*, 881 F.3d 577, 582 (7th Cir. 2018); *see also, e.g.*, *Jaros v. Illinois Dep't of Corrs.*, 684 F.3d 667, 672 (7th Cir. 2012) (dismissing Americans with Disabilities Act claim because it was encompassed by Rehabilitation Act claim and "Jaros can have but one recovery"); *Bosco v. Serhant*, 836 F.2d 271, 280 (7th Cir. 1987) ("A tort victim can obtain only one recovery

for his harm, no matter how many tortfeasors inflicted it."). This is because "damages are not assessed 'by defendant' or 'by claim' but 'for an injury.'" *Duran v. Town of Cicero, Illinois*, 653 F.3d 632, 640 (7th Cir. 2011) (quoting *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 315–16 (7th Cir. 2010)).

Mr. Boyd cannot pursue equal protection claims in this action. Whether through deliberate indifference or discrimination, Mr. Boyd suffered at most one injury in the spring of 2020. He was allegedly confined under unsafe conditions that allowed him to catch the virus, and he allegedly did not receive adequate care afterward. His response to the show cause order and his motion to stay do not articulate how his disparate treatment subjected him to an injury distinct from the injuries caused by the *Reaves* defendants' alleged deliberate indifference.

Indeed, Mr. Boyd's filings in *Reaves* make clear that any equal protection claim would seek compensation for the same injury he is already litigating there. In his second amended complaint, filed September 20, 2021, Mr. Boyd attempted to add "14th Amendment Equal Right's" [*sic*] claims based on access to COVID testing and treatment. Dkt. 132 at 24. The Court dismissed Fourteenth Amendment claims because they were not supported by sufficient factual allegations. *See* dkt. 128 at 6–7. Nevertheless, his filings in this case do not acknowledge the equal protection claims he attempted to raise in *Reaves*, and they do not attempt to distinguish them from the equal protection claims he attempts to bring here.

Ordinarily, a court "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). That is not necessary, however, when the amendment "'would be futile or otherwise unwarranted.'" *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 347 (7th Cir. 2018) (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)); *see also Johnson v. Piontek*, 799 F. App'x 418, 420 (7th Cir. 2020) ("Nonetheless,

3

we affirm because Johnson's proposed amended complaint confirms that allowing the amendment would have been pointless."). The Court afforded Mr. Boyd an opportunity to show cause why this action should not be dismissed. He responded with two separate filings and identified only claims that cannot proceed in this action. Affording him an additional 90 days to develop and plead those claims would be pointless. *Johnson*, 799 F. App'x at 420. Mr. Boyd's motion to stay the action, dkt. [17], is **denied**.

## II. Motion to Dismiss Without Prejudice

Mr. Boyd's motion to dismiss this action without prejudice, dkt. [13], is **granted in part and denied in part**, consistent with the following.

In Part I above, the Court denied Mr. Boyd's requests to pursue certain claims in this case because he is already pursuing them—or could have pursued them—in *Reaves*. In dismissing this action without prejudice, the Court holds only that the dismissal of this action should not prejudice his pursuit of those claims in *Reaves*.

Mr. Boyd should not construe the dismissal of this action without prejudice as license to file a new action asserting the claims discussed in this entry. Such an action could not proceed for all the reasons discussed above.

Mr. Boyd also should not construe dismissal of this action as an invitation to amend his complaint in *Reaves* to add equal protection claims. Chief Judge Pratt is presiding over *Reaves* and ultimately would rule on any motion for leave to amend in that case. However, the Court observes from the docket in *Reaves* that the parties have completed summary judgment briefing and that the deadline to amend pleadings is long past. Further, the Court notes that a deadline "may be modified only for good cause," Fed. R. Civ. P. 16(b)(4), and the "primary consideration" in determining

4

good cause "is the diligence of the party seeking" the modification, *see Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

To the extent Mr. Boyd wishes to avoid accrual of a "strike" for purposes of 28 U.S.C. § 1915(g), his motion has no effect. "A dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike, . . . whether or not it's with prejudice." *Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (internal citation omitted). Further, the Court cannot rule in this action that this dismissal will or will not function as a "strike" when Mr. Boyd seeks leave to proceed in forma pauperis in a future case. *See Hill v. Madison Cty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020) (Section 1915(g) "leave[s] the effective decision to a later tribunal.").

However, this action will be dismissed as frivolous and malicious under 28 U.S.C. § 1915A(b)(1). The Court explained in dismissing Mr. Boyd's original complaint why the action was frivolous and malicious. Dkt. 7. For the reasons discussed in Part I, Mr. Boyd's subsequent filings only reinforce the conclusion that there is no legal basis for him to bring a second action concerning COVID-19 precautions and treatment at HTCF in the spring of 2020.

### III. Conclusion

Mr. Boyd's motions to dismiss the action without prejudice, dkt. [13], is **granted** to the limited extent discussed in Part II and **denied** in all other respects. His motion to stay the action, dkt. [17], is **denied**. This action is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and malicious. The **clerk is directed** to enter final judgment.

The dismissal of this action pursuant to § 1915A(b)(1) may be considered a "strike" for purposes of § 1915(g). The Court is aware of at least two other dismissals that may also be counted as strikes against Mr. Boyd. *See Boyd v. Johnson*, no. 1:21-03081-JRS-TAB, dkt. 25 (S.D. Ind.

5

May 27, 2022) (dismissing action for failure to state a claim); *Boyd v. Dugger*, no. 1:21-3083, dkt. 16 (S.D. Ind. Mar. 11, 2022) (dismissing action as frivolous).

A prisoner who has accrued three strikes may proceed *in forma pauperis* only if he is under imminent danger of serious physical injury; otherwise, he must prepay the full filing fee. 28 U.S.C. § 1915(g). If Mr. Boyd seeks leave to proceed *in forma pauperis* in future cases and does not "disclose to the court the fact that" he has had three cases dismissed that could be counted as strikes, he will "risk dismissal of [his] case as a sanction for misconduct." *Isby v. Brown*, 856 F.3d 508, 519 (7th Cir. 2017).

**SO ORDERED.**

Date: 6/24/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEREK BOYD
273507
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only